Norris, J.
Appeal from the Court of Common Pleas of Lucas county.
This action was brought in the court below by the plaint *533 iff, Elizabeth Tate, the wife of John M. Tate, for alimony and to set aside a deed made by her husband, John M, Tate to defendant Kate M. Stuart, which purported to convey and warrant to Kate M. Stuart, his interest in lot 79 of the extension of Baker’s addition to the city of Toledo, and to subject his said interest to the payment of her alimony.
Mrs. Stuart was at the commencement of this action in possession of this property, under said deed, The First National Bank of Toledo was made a party defendant that it might be required to pay into court certain funds of Tate’s, held by it on deposit, which was also sought to be subjected to the payment of any alimony that might be adjudged to her.
It is conceded that whatever of such funds the defendant bank held for Tate, had been paid to him before the required steps binding the bank, had been legally taken by her.
A demurrer to the petition was properly overruled, and the Siuarts, husband and wife, answer, in substance denying the salient allegations of the petition.
Pending the litigation Mrs. Stuart died; her death was suggested, and by a supplement to the petition, her administrator, John B. Stuart, and her only heir at law, Harry A. Stuart, a minor, were made parties defendant. The minor, by a guardian ad litem, answers denying the allegations of the petition in so far as they tend to prejudice said minor’s interest. The other defendants are in default.
The case was made up with these issues, and upon the testimony, was submitted to the trial court. At its conclusion that court awarded to the plaintiff alimony in the sum of $500, and found that the conveyance of.said lot 79 by Tate to Mrs. Stuart, was in fraud of plaintiff’s rights, and making said sum of $500, so decreed her as alimony, a charge and lien upon said real estate. From these proceedings an appeal was taken, and the case submitted to this court upon pleadings and evidence.
This lot 79 was conveyed to John M. Tate by the plaintiff, his wife, for the nominal consideration of $1. The consideration of the deed by which the title came to Mrs. Tate is $1,300. The value of the property at that time and at the commencement of this action, the testimony shows to *534 have been about that amount. The consideration in these respective deeds is not impeached. It is admitted that the defendant, Stuart, at a time not very long before the sale, offered Tate for this property the sum of $1,500, which Tate refused. Plaintiff, Mrs. Tate, at all times refused to consent to the sale, and refused to join her husband in the conveyance, and at the time it was made had no knowledge offits execution.
It is conceded that the property passed from Mrs, Tate to her husband without consideration, only as the deed imports, which is nominal merely. The deed was recorded, and the record was notice, and the defendants, Stuart and Mrs. Stuart, are each chargeable with knowledge of the fact.
It is conceded that John B. Stuart acted for his wife, the defendant Kate M. Stuart, and the testimony shows that she herself, as well as her husband, knew all about the trouble between Tate and his wife and their quarrels about the sale of this property, and Mrs. Tate’s refusal to join with her husband in conveying it. At the time Tate made this conveyance to Mrs. Stuart, he and his wife had determined to separate, and all the testimony points to the conclusion upon his part to get rid of the property for whatever it would bring him in cash, and so to place the proceeds that none of it might reach his wife; and, whether he was drunk or sober at the time he made the conveyance, he carried this intention out to the letter, He did sell it, and he did get the money, and he has kept all of it out of the hands of his wife,
And of his determination to separate and of Tate’s intention to place his interest in that property beyond the reach of his wife, both- Stuart and Mrs, Stuart had knowledge, Even if Mrs. Stuart was in ignorance of any of these facts, her husband, who was acting for her and whose acts she authorized and ratified, did know them and all of them; and his knowledge was her knowledge.
So these defendants knew that the consideration which brought this property to Mrs. Tate, was $1800, They knew that the property, was worth $1300, and more; that she conveyed it to her husband for $1; that Tate and his wife had trouble and intended to separate; that Tate for the purpose of depriving his wife of her rights in his interest in the *535 property, was ready to sell it at any price, and in the face of these facts they took advantage of this woman and drove this unconscionable bargain with Tate, and against her, and got this property for $589.00 and the $96.00 mortgage which encumbered it, in all about $685. They knew that this consideration was grossly inadequate, and that its purpose was to defraud Mrs. Tate of her rights, and they seek here to enforce it against her decree for alimony. We do not see how, with any semblance of equity, this can be done. Aside from the facts that she parted with her legal title and conveyed to her husband for a mere nominal consideration, which fact put those — who to obtain the title would encourage a fraud against her — upon inquiry as to what equities she might have still in the property, she had in her husband’s real estate all the rights of wife; her interest in the property consisted of the possibilities of dower; her rights in his interest, so far as it concerns this case and these defendants, is that it bears and is chargeable with any sum a court may carve out in her favor in defining her claim upon him in a proceeding for alimony.
This court finds from the testimony that the plaintiff, Mrs. Tate, is entitled to alimony, and fixes the amount thereof at $600, which it decrees to her against the defendant, John M. Tate, and that she has prospective dower in the property described in the petition, the present value of which is found to be $100,in full discharge of which this decree shall operate.
That the value of the property when conveyed by John M. Tate to Kate M. Stuart was $1300; that the consideration for said conveyance was grossly inadequate; that the purpose for which it was made, was to defraud the plaintiff; that the defendants John M. Stuart and Kate M. Stuart, before and at the time of said sale to Kate M, Suart, knew of this purpose and intention on the part of Tate, and encouraged him in that determination, and by so taking said conveyance became parties to the fraud against the plaintiff, and the court finds that in so far as the full consideration for said property has not been paid and discharged by said Kate M. Stuart as between her representative and Mrs. Tate, the same is held in trust and said property remains subject to and changeable with this decree for alimony; and *536 it is considered that the sum so awarded as alimony, be made a lien upon the property described in the petition.
J.E. Delphey and D. H. Rhodes for Plaintiff.
Hamilton & Kirby, for Defendant Stuart.
It is further ordered that upon the payment of the amount so found to be plaintiff’s reasonable alimony, plaintiff convey to the heirs of the defendant Kate M. Stuart, all her title and interest in said real estate, and that in default, the decree in this case operate as such conveyance. The costs are adjudged against the defendants Stuarts, and execution is awarded for same and to enforce the decree in this case.